IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES D. ABNEY, ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 1:23-cv-00027-JRR |
| FEDERAL CORRECTIONAL INSTITUTION MCDOWELL, ET AL., | * | |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter comes before the court on Defendants' Motion to Transfer Case at ECF No. 29 (the "Motion"). Oral argument was held July 5, 2023. For the reasons set forth below, by accompanying order, the Motion is denied.

I.      BACKGROUND

This action arises out of a carbon monoxide gas ("CO") leak that occurred at FCI McDowell in August 2021. FCI McDowell is located in the Southern District of West Virginia. Plaintiffs, all of whom were housed at McDowell at the time of the leak, allege they suffered physical harm as a result of CO poisoning and were denied proper related medical care. Eighty-six individual Plaintiffs, current and former federal inmates, bring this action for mandamus relief against 37 Defendants: the federal correctional institutions where they were housed at the time of filing (including McDowell – the site of the leak), a private entity that operates one such correctional facility, the Federal Bureau of Prisons, the United States Marshals Service, and several individuals in their official capacities in connection with the agency and institutional Defendants. The single-count Complaint for Mandamus Relief (ECF No. 1) requests an order for

implementation and compliance with the "Diagnostic Protocol" described at paragraph 97 of the Complaint and related medical care, production by Defendants of the audio and video evidence of the leak to aid in Plaintiffs' diagnosis and care, and access to Plaintiffs by counsel for legal advice and assistance.[1]

Since the leak in August 2021, many Plaintiffs have been released from incarceration or transferred out of McDowell to other federal correctional institutions (named as Defendants). Of the 86 Plaintiffs, the parties generally agree that approximately 39 continue to be housed at McDowell, with the balance either released or relocated to another prison. The parties generally agree (or, do not contest) that Plaintiffs are currently located in approximately 18 states – the large minority (39) of whom remain incarcerated at McDowell. The parties do not dispute that venue is proper in this court on the basis that Defendant Chris Gomez "is responsible for and oversees the operations of the Bureau of Prison's facilities located within the Mid-Atlantic region of the United States" and performs his job in Maryland. (ECF No. 1 at ¶ 59.) Neither do the parties dispute that this action could have been brought in the Southern District of West Virginia where McDowell is located.

Defendants move to transfer this action (ECF No. 29) to the Southern District of West Virginia pursuant to 28 U.S.C. § 1404(a). Defendants urge that Mr. Gomez is the only tether to this district, giving rise to venue on a thin statutory reed. Defendants further aver that all the key evidence and witnesses are located in West Virginia, the event giving rise to this action occurred

---

[1] At oral argument, Plaintiffs' counsel orally withdrew the request for relief regarding access to the incarcerated Plaintiffs, as such access has been provided (subsequent to filing of the action). Further, on inquiry of the court, Assistant United States Attorney Matthew Lindsay (appearing by ZOOM from the Southern District of West Virginia) advised that he expected to obtain the requested audio/video recording of the CO leak (and necessary companion hard drive) "in the next couple of days" and that "once it arrives in our office, we should be able to transfer everything . . . to an identical hard drive" for "deliver[y] to the plaintiffs, and they should be able to view all of the videos." Upon provision of the recording, that request for relief will also be moot. Therefore, Plaintiffs' demand for implementation of, and compliance with, the Diagnostic Protocol, and provision of related medical care to Plaintiffs across the nearly 20 states where they are located, is at the heart of this action as the potential relief to be afforded.

in West Virginia, 39 of the 86 Plaintiffs are incarcerated in West Virginia, and related litigation is pending in that district as well.[2]

## II.     28 U.S.C. § 1404(a)

28 U.S.C, § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  Congress enacted section 1404(a) "'to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Topiwala v. Wessell,* No. WDQ-11-0543, 2012 U.S. Dist. LEXIS 3872, 2012 WL 122411, at *6 n.21 (D. Md. Jan. 12, 2012) (quoting *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994)).  The decision whether to transfer venue under § 1404(a) is committed to the discretion of the district court. *In re Ralston Purina Co.,* 726 F.2d 1002, 1005 (4th Cir. 1984*)* (citing *Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956)*, cert. denied*, 352 U.S. 953, 77 S. Ct. 328, 1 L. Ed. 2d 244 (1956)).

The burden is on Defendants to demonstrate, "by a preponderance of the evidence, . . . that transfer to another forum is proper." *Tse v. Apple Computer*, No. L-05-2149, 2006 U.S. Dist. LEXIS 68451, 2006 WL 2583608, at *2 (D. Md. Aug. 31, 2006); *see Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002) (explaining that "the burden is on the moving

---

[2] Litigation is currently pending in the Southern District of West Virginia related to the CO leak.  That action seeks to hold the defendants liable for the alleged harm the plaintiffs contend they suffered from the CO leak.  Pending in this court under case number 23-cv-0216-JRR, as a third federal action, is an action brought by 114 individual plaintiffs (five of whom are Plaintiffs in this action).  Some, but not all, of the defendants in the 0216 case are Defendants in this action.  The plaintiffs in the 0216 case assert counts for intentional infliction of emotional distress, negligence, and medical monitoring (via the Federal Tort Claims Act), as well as two *Bivens* claims (pursuant to *Bivens v. Six Unknown Names Agents of Fed. Bur. of Narc.,* 403 U.S. 388 (1971)).  The 23-cv-0216 Maryland case is stayed by consent pending possible transfer of that action to West Virginia (or, alternatively, amendment of the West Virginia action to include plaintiffs in the 23-cv-0216 Maryland action).  Neither the West Virginia action nor the Maryland action at 23-cv-0216 seeks mandamus relief; and the instant action does not seek to hold any Defendant liable for the leak; nor does the instant action seek monetary or other damages in connection with the CO leak.  The instant action is purely for mandamus relief, while the other two cases seek compensation for the alleged negligence and wrong-doing that led to the CO leak and the alleged resulting harm to those plaintiffs.

party to show that transfer to another forum is proper."). In deciding whether to transfer venue under § 1404(a), courts in this circuit consider the following factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). Factors two and three are often considered together. Unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1946)). A court typically should not transfer a case out of the plaintiff's choice of forum "[u]nless the balance of these factors 'is strongly in favor of the defendant.'" *Topiwala*, 2012 U.S. Dist. LEXIS 3872, 2012 WL 122411, at *6 n.22 (quoting *Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citation omitted)) (footnote omitted).

The court's first consideration is "whether the action could have been brought in the transferee district." *Topiwala*, 2012 U.S. Dist. LEXIS 3872, 2012 WL 122411, at *6. Here, it is undisputed that Plaintiffs could have brought this action in the Southern District of West Virginia. Therefore, the court next considers the above-listed factors. Other relevant considerations include (1) "'availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses'" and (2) "'local interest in having localized controversies settled at home.'" *Laureate Educ., Inc. v. Megahed*, No. AW-10-749, 2010 U.S. Dist. LEXIS 65709, 2010 WL 2651895, at *10 (D. Md. July 1, 2010) (quoting *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004)). The court weighs these factors, in light of the specific facts of the case, to determine whether "the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Topiwala*, 2012 U.S. Dist. LEXIS 3872, 2012 WL 122411, at *6 (quoting *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006)).

**III.    WEIGHT ACCORDED TO PLAINTIFFS' CHOICE OF VENUE**

Although courts generally recognize that the plaintiff's chosen venue is "entitled to substantial weight," *Trustees*, 791 F.3d at 444, that weight is lessened where the "complained of conduct" occurred outside the chosen venue. *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

Because this action is for mandamus relief to be afforded (as of this writing) in nearly 20 states (with potential national implications),[3] the court agrees with Plaintiffs that the prospective or forward-looking nature of the action renders it materially different from a more traditional tort action in which a plaintiff seeks to hold a defendant liable for some act or conduct, and requests related damages on proof of harm caused by the complained of act or conduct.  The court further agrees with Plaintiffs that, against the backdrop of the specific acts giving rise to the mandamus petition, where the "complained of conduct" occurred dramatically shrinks in significance. Plaintiffs do not seek to hold Defendants liable for the CO leak – which is to say that this case is not about developing evidence about what happened (or did not happen) that led to the leak at McDowell in order to cast blame or fault upon individuals, agencies, or a facility located in West Virginia.  While the court appreciates that the video/audio recording of the leak may be of use in understanding the degree, scope or variety of Plaintiffs' conditions alleged to have resulted from the leak, the fact that the leak occurred at McDowell is relatively of no moment, as the requested

---

[3] The court appreciates that Plaintiffs' request for implementation of and compliance with the Diagnostic Protocol may have some measure of systemic, lasting impact beyond the states where Plaintiffs are located as of this writing; and that Defendant Bureau of Prisons – a national agency – and its agents and sister agencies will be responsible for assuring the Diagnostic Protocol is implemented and complied with in the event Plaintiffs prevail.

5

relief, if granted, will be implemented by correctional institutions (and others) in many states all over the country.

The court further notes that, although Maryland is not known to be a home state for any individual Plaintiff as of this writing, the fluid nature of where each Plaintiff is incarcerated, and for how long, renders this consideration of considerably less import to the court than in a more standard form of civil litigation. Similarly, that 39 of the 86 Plaintiffs are incarcerated in West Virginia does not carry the persuasive weight it might otherwise bring were those Plaintiffs not subject to transfer or release. Defendants did not support their Motion with any information about the prison term length of any Plaintiff currently incarcerated at McDowell, or whether any of those Plaintiffs called West Virginia home before being incarcerated, which would ostensibly enhance the probability that such an individual would remain in West Virginia upon release; and counsel was unable to provide information about these subjects at the hearing.

In sum, the court affords Plaintiffs' choice of forum substantial weight; the court is not persuaded that the West Virginia site of the leak or the 39 Plaintiffs currently located at McDowell diminishes such weight.

### IV. WITNESS CONVENIENCE AND ACCESS/PARTY CONVENIENCE

Often described as the most important consideration, these factors also weigh against transfer for the reasons set forth above and at footnotes 1 through 3, *supra*.

In addition to the foregoing analysis as applied to this factor, Defendants failed to submit any affidavits or other documents to support their generalized assertions that the "majority of the likely witnesses" are located in West Virginia and that it would be "inconvenient for Defendants and their Maryland-based counsel" to litigate in Maryland because of the lack of "substantive ties to Maryland." (Motion at pp. 8-10.) Defendants urge in their Reply, and reiterated at oral

argument, that they need not have supported their Motion with affidavits or other supportive proof of inconvenience, because the inconvenience is obvious. Defendants instead aver that "Plaintiffs cannot allege inconvenience by a transfer outside of Maryland." (Motion at 9.)

The court is unconvinced. Defendants bear the burden to demonstrate that the balance of convenience and hardships strongly favors transfer; they cannot meet that burden to this court's satisfaction on unattested, general protestations of inconvenience. *Dow v. Jones,* 232 F. Supp. 2d 491, 499 (D. Md. 2002) (quoting *Helsel v. Tishman Realty & Constr. Co.,* 198 F. Supp. 2d 710, 712 (D. Md. 2002) and holding that "[m]ere assertions of inconvenience or hardship are inadequate support for a motion to dismiss or transfer pursuant to 28 U.S.C. § 1404(a)."). For these reasons, set against the backdrop that this mandamus action does not require the sort of pretrial or trial activity attendant to the typical civil action where liability and damages are at issue, the court is unpersuaded that this factor favors transfer.

## V.     THE INTERESTS OF JUSTICE

Defendants argue that the interests of justice favor transfer due to the pendency of related litigation in the Southern District of West Virginia (described above at footnote 2), access to McDowell as the site of the CO leak, and "'local interest in having localized controversies settled at home.'" (Motion at 10 quoting *Clarendon Nat'l Ins. v. Dan Ryan Builders, Inc.*, No CCB-19-3527, 2020 WL 4042900, at *6 (D. Md. July 17, 2020).

Defendants argue that related litigation should be "dispositive" of the transfer issue. Often it is, and for good reason.[4] But here, it is not. As set forth above, in the West Virginia action, the plaintiffs seek to hold the defendants liable under the Federal Tort Claims Act and pursuant to

---

[4] Plaintiffs concede (and the court agrees) that the Maryland 23-cv-0216 case should either be transferred to West Virginia, or the West Virginia action should be amended to include the Maryland plaintiffs, so that the Maryland 0216 case can be closed. Hence the stay of that case while we await additional progress on this front in West Virginia.

*Bivens*. The instant action has nothing to do liability for the CO leak and the plaintiffs' alleged resulting harm; therefore, pretrial discovery, dispositive motions, and trial will not walk the same path. Further, access or site visits to McDowell is not an issue in the instant action for these same reasons. The court is unpersuaded that anything more than the barest of judicial or party (including counsel) efficiencies are to be had though transfer. Further, the risk of inconsistent and conflicting outcomes is a false specter. This action is about Plaintiffs' demand for what they contend is essential to satisfy Defendants' statutory and constitutional duty to provide care to incarcerated individuals – regardless of fault. The potential outcomes of this and the West Virginia action do not pose a threat of actual conflict regardless of outcome. Moreover, consideration of local interest in local controversies does not favor transfer of this action in which Plaintiffs' seek relief on a broad, multi-state basis with national implications. This is rather in stark contrast to the West Virginia and Maryland 0216 actions where the plaintiffs complain that the defendants' alleged failures visited significant harm upon McDowell inmates in August 2021.

Defendants argue that litigating here will require duplicative discovery efforts. In support of this argument, counsel (at the hearing) expressed that, although not essential to their mandamus demand, Plaintiffs will likely seek to depose McDowell officers who witnessed Plaintiffs' physical responses to the CO leak; Plaintiffs' counsel did not disavow this possibility. Other than this possible example, Defendants do not cite to any other duplication of discovery/pre-trial effort. This possibility is not adequate to carry Defendants' burden; moreover, Defendants are entitled to seek a protective order from this court should they determine later that Plaintiffs are taking unfair advantage by "double dipping" in the deposition chip and dip bowl.

## VI.     CONCLUSION

Because Defendants have not satisfied their burden to show that the balance of factors tips strongly in their favor, the Motion is denied. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984).  A separate order follows.

July 10, 2023

/S/
_____
Julie Rebecca Rubin
United States District Judge